1  Mia Farber (State Bar No. 131467)
   JACKSON LEWIS P.C.
2  725 South Figueroa Street, Suite 2500
   Los Angeles, CA  90017-5408
3  Telephone       (213) 689-0404
   Facsimile:      (213) 689-0430
4  E-mail: Mia.Farber@jacksonlewis.com

5  Scott P. Jang (State Bar No. 260191)
   JACKSON LEWIS P.C.
6  50 California Street, 9th Floor
   San Francisco, CA  94111-4615
7  Telephone:      (415) 394-9400
   Facsimile:      (415) 394-9401
8  E-mail: Scott.Jang@jacksonlewis.com

9  Isabella L. Shin (State Bar No. 294937)
   JACKSON LEWIS P.C.
10 160 W. Santa Clara St., Suite 400
   San Jose, CA 95113
11 Telephone:      (408) 579-0404
   Facsimile:      (408) 454-0290
12 E-mail: Isabella.Shin@jacksonlewis.com

13 (*Additional counsel on next page*)

14 Attorneys for Defendant
   WESTROCK SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR A. QUILES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK SERVICES, LLC., a Georgia Limited Liability Company and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:  5:23-cv-2817<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453]**<br><br>(Filed concurrently with Civil Case Cover Sheet, Declaration of Stephanie Bignon, Declaration of Jennifer Colucci, Certification of Interested Entities or Persons and Corporate Disclosure Statement)<br><br>State Complaint Filed: March 15, 2023 |

Pamela Q. Devata
John Drury
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL  60606
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000
E-mail: pdevata@seyfarth.com
E-mail: jdrury@seyfarth.com

(*Pro Hac Vice pending*)

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WESTROCK SERVICES, LLC ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California, County of Monterey pursuant to 28 U.S.C. § 1441. Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness Act) and 28 U.S.C. § 1331 (federal question). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Victor A. Quiles ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted. This removal is based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1. On March 15, 2023, Plaintiff filed a class action Complaint ("the Complaint") in the Superior Court of the State of California, County of Monterey, entitled *Victor A. Quiles v. WestRock Services, LLC*, Case No. 23CV000807. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Stephanie Bignon in Support of Defendant WestRock Services, LLC's Notice of Removal ("Bignon Decl.").

2. On May 8, 2023, Plaintiff served copies of the Complaint, the Summons, and Civil Cover Sheet on Defendant. (*Id.* ¶ 7.) True and correct copies of the Summons and Civil Cover Sheet served on Defendant are attached to the Bignon Decl. as **Exhibit B** and **Exhibit C**, respectively.

3. The Complaint remains Plaintiff's operative pleading in this action as of the date of the filing of this Notice of Removal. (*Id.* ¶ 6.)

4. **Exhibits A, B, and C** constitute all the pleadings that have been filed or served by or against Defendant in this action as of the date of the filing of this Notice of Removal.

## II.  PLAINTIFF'S ALLEGATIONS

5. The Complaint alleges that Plaintiff brings this action on behalf of himself and a putative class of similarly situated individuals ("Class Members") consisting of "[a]ll persons who have been employed by Defendant as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years form the filing to the Complaint in this action until its resolution. (collectively referred to as the 'Class' or 'Plaintiff's Class' or 'Class Members')." (Bignon Decl., Ex. A

¶ 20.) Plaintiff purports to represent seven separate "sub-classes" based on this purported class definition. (*Id.* ¶ 21.)

6.  Plaintiff's Complaint further refers to a "FCRA Class" brought under 15 U.S.C. § 1681b(b)(2) of the federal Fair Credit Reporting Act ("FCRA"). (*Id.* ¶¶ 48, 62-74, 107-127.)

7.  Among other things, Plaintiff alleges that Defendant is liable to Plaintiff and Class Members for the following:

    a. Failure to timely pay wages upon separation pursuant to California Labor Code §§ 201, 202, and 203. (*Id.* ¶¶ 78-82.)

    b. Failure to provide accurate itemized wage statements to Plaintiff and the Class pursuant to California Labor Code § 226. (*Id.* ¶¶ 89-93.)

    c. Improper use of consumer credit reports for employment purposes pursuant to California Labor Code § 1024.5. (*Id.* ¶¶ 98-100.)

    d. Unlawful business practices pursuant to California Business and Professions Code § 17200, *et seq.* (*Id.* ¶¶ 101-106.)

    e. Failure to make proper disclosures pursuant to 15 U.S.C. § 1681b(b)(2)(A)(i), *et seq.* and 15 U.S.C. § 1681n(a). (*Id.* ¶¶ 107-120.)

    f. Failure to obtain proper authorizations pursuant to 15 U.S.C. § 1681b(b)(2)(A)(ii), *et seq.* and 15 U.S.C. § 1681n(a). (*Id.* ¶¶ 121-127.)

    g. Failure to make proper disclosures pursuant to California Civil Code § 1786, *et seq.* (*Id.* ¶¶ 128-143.)

    h. Failure to make proper disclosures pursuant to California Civil Code § 1785, *et seq.* (*Id.* ¶¶ 144-157.)

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

8.  Plaintiff brings this action as a putative class action.[1] Removal based upon the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of

---

[1] Defendant denies that this action can properly proceed as a class action. Defendant reserves the right to contest at the appropriate time, that this action can properly proceed as a class action.

interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010). Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the classes he purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A. The Putative Class Has More Than 100 Members

9. To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2. Plaintiff's Complaint defines the putative class in this action as "[a]ll persons who have been employed by Defendant as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years form the filing to the Complaint in this action until its resolution." (Bignon Decl., Ex. A ¶ 20.) Thus, the class period is defined as March 15, 2019 through present ("Class Period"). Defendant employed in excess of 1,000 full-time hourly employees in California during the Class Period. (Declaration of Jennifer Colucci in Support of Defendant WestRock Services, LLC's Notice of Removal ("Colucci Decl.") ¶ 4.) Accordingly, there are more than 100 putative class members in the proposed class here.

### B. Diversity Of Citizenship Exists

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(a); *United Steel*, 602 F.3d at 1089–90 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

11. "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.

1986)). The Complaint alleges that Plaintiff is a resident of the State of California. (Bignon Decl., Ex. A ¶ 16.) Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes. Moreover, Plaintiff has brought claims on behalf of putative class members residing in the State of California. (*Id.* ¶ 20.) Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

12. CAFA provides that an unincorporated association is a citizen of the state where it has its principal place of business and under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (holding that under CAFA, an LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, at *4 (S.D. Cal. Feb. 3, 2011) (applying *Ferrell* to find that minimum diversity existed).[2]

13. Defendant is a limited liability company, organized and existing under the laws of the State of Georgia. (Bignon Decl. ¶ 9.) Its principal place of business is located in the State of Georgia. (*Id.*) Therefore, Defendant is a citizen of the State of Georgia.

14. It is not necessary for DOES 1 through 50 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

15. Accordingly, at least one member of the putative class is a citizen of a state different from Defendant. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C.    The Amount in Controversy Exceeds $5,000,000**

16. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in

---

[2] Under §1332's clear and unequivocal language, an LLC need only demonstrate its own State of registration and principal place of business.

6.
DEFENDANT'S NOTICE OF REMOVAL

controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013). The United States Supreme Court has made clear that a statement by a plaintiff in a putative class action Complaint about the alleged amount in controversy should be ignored since the plaintiff does not have the authority to bind absent class members prior to class certification. *Id.* at 588-90. Accordingly, here, any statement by Plaintiff in the Complaint about the alleged amount in controversy should be disregarded.

17. Defendant's burden to establish the amount in controversy is the preponderance of the evidence standard. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 88-89 (2014). *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

18. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda v. Gucci America, Inc.*, Case No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (stating that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendants will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation

omitted).

19.  Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-cv-08424-ODW (MRW), 2015 U.S. Dist. LEXIS 7442, at *4–5 (C.D. Cal. Jan. 22, 2015).  However, as detailed below, Defendant has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

20.  Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class he seeks to represent are entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

21.  Plaintiff alleges that Defendant committed various categories of unlawful conduct as to Plaintiff and all Class Members, continuously, over a four-year period.  Calculating alleged statutory penalties for just two of Plaintiff's claims exceeds the $5,000,000 threshold, as follows:

    a.  Plaintiff's claim for failure to timely pay wages upon separation in violation of California Labor Code sections 201, 202, and 203 totals $4,819,111.20 in alleged statutory penalties.

        i.  Plaintiff alleges that he and each class member were not timely paid their final wages upon separation of employment.

        ii.  An employer that fails to pay all wages due to an employee upon discharge is liable for one day's wages for every day of delay, up to a maximum of 30 days.  California Labor Code section 203 penalties are subject to a three-year statute of limitations.  Thus, the applicable statute

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's references to potential damage amounts based on Plaintiff's allegations are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member.  In addition, Defendant denies that liability or damages can be established on a class-wide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability."  *Lewis v. Verizon Commcn's., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

8.

DEFENDANT'S NOTICE OF REMOVAL

of limitations for this claim is March 15, 2020.

    iii. There are a total of 837 hourly former employees who separated from Defendant from March 15, 2020 through April 30, 2023. (Colucci Decl. ¶ 8.) Those employees typically worked at least eight hours per day, five days per week. (*Id*. ¶ 4.)

    iv. The average hourly rate of pay for hourly employees during the Class Period was approximately $23.99.[4] (*Id.* ¶ 5.)

    v. Using the average hourly rate of $23.99 multiplied by eight hours per day, the daily rate would be $191.92 ($23.99 x 8 = $191.92).

    vi. Multiplying the daily rate by 30 days, the maximum penalty is $5,757.60 per former employee ($191.92 x 30 = $5,757.60).

    vii. Thus, each former employee through May 1, 2023 would be entitled to $5,757.60 in waiting time penalties for a total of $4,196,383.20 in waiting time penalties ($5,757.60 x 837 = $4,819,111.20).

  b. Plaintiff's claim for failure to provide accurate itemized wage statements adds an additional $2,872,000 in statutory penalties.

    i. Plaintiff alleges that he and each class member were provided inaccurate wage statements.

    ii. An employer that fails to furnish accurate wage statements is liable for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). California Labor Code section 226(a) penalties are subject to a one-year statute of limitations. Thus, the applicable statute of limitations for this claim is March 15, 2022.

---

[4] This is in-line with the wage rates specified in the Salinas collective bargaining agreement ("CBA"), which provides a wage range of $20.89 per hour at the low end to $41.26 per hour at the high end. (*Id.* ¶ 5.)

9.

DEFENDANT'S NOTICE OF REMOVAL

    iii. As of May 31, 2022, there are a total of 718 current hourly employees who were hired prior to March 15, 2022.[5] (Colucci Decl. ¶ 9.)

    iv. There are 83 weeks from March 15, 2022 through May 31, 2023.

    v. At all relevant times, Defendant paid Plaintiff and all other hourly employees of WestRock Services, LLC, in California on a weekly basis. (*Id*. ¶ 6.) Therefore, there are 83 pay periods from March 15, 2022 through May 31, 2023.

    vi. Accordingly, the total amount of statutory penalties per employee is $8,250 ($50 x 1 pay period + $100 x 83 pay periods). Statutory penalties for violations of section 226 are capped at $4,000; thus, each current employee who were hired prior to March 15, 2022 would be entitled to $4,000 in statutory penalties for a total of $2,872,000 for this claim.

  22. Therefore, the penalties from just these two claims surpasses the $5,000,000 CAFA threshold at a total of $7,691,111.20 ($4,819,111.20 + $2,872,000 = $7,691,111.20).

  23. Finally, Plaintiff seeks her attorneys' fees and costs. (Bignon Decl., Ex. A, Prayer for Relief). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig*., 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (stating that the benchmark for attorneys' fees is 25% of the common fund). This additional amount places this action well above the CAFA threshold.

  24. Based on the foregoing, all requirements for CAFA removal are satisfied, and removal is proper.

## IV.  THIS COURT ALSO HAS ORIGINAL JURISDICTION BECAUSE THIS MATTER PRESENTS A FEDERAL QUESTION UNDER THE FCRA

  25. United States district courts have original jurisdiction over lawsuits involving federal law. 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

---

[5] This number does not encompass former employees who also have pay periods within the relevant time period.

10.

. . . laws . . . of the United States."). When a case filed in state court falls within the original jurisdiction of a United States district court, a defendant may remove the matter to federal court. 28 U.S.C. § 1441(a).

### A. This Court has original jurisdiction over the FCRA claims

26. Removal is proper here because Plaintiff's Complaint raises questions of federal law under Section 1681b of the federal Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681b(b)(2). (Bignon Decl., Ex. A ¶¶ 107-127.)

27. Specifically, Plaintiff alleges that Defendant violated the FCRA by procuring consumer reports on Plaintiffs and other purported Class Members without providing FCRA-compliant disclosures and without obtaining valid authorizations. (*Id.* ¶¶ 48-57, 61-74, 107-127.)

28. Based on these allegations and claims, this matter presents a federal question under 28 U.S.C. § 1331 and is removable without regard to amount in controversy or citizenship of the parties.

## V. SUPPLEMENTAL JURISDICTION

29. To the extent any of Plaintiff's claims are not removable under CAFA or federal question jurisdiction, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction, including the facts giving rise to Plaintiff's FCRA claim.

## VI. VENUE

30. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in California Superior Court, County of Monterey. Thus, venue properly lies in the United States District Court for the Northern District of California. 28 U.S.C. §§ 84(a), 1441(a).

## VII. REMOVAL IS TIMELY

31. Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

///

11.

DEFENDANT'S NOTICE OF REMOVAL

32. Plaintiff served Defendant with the Complaint on May 8, 2023. (Bignon Decl. ¶ 7, Ex. B.)

33. Measured from May 8, 2023, Defendant's deadline to file this Notice of Removal with this Court is June 7, 2023.

34. Defendant is filing this Notice of Removal with this Court on June 7, 2023.

35. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**VIII. NOTICE**

36. Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Monterey, as required by 28 U.S.C. § 1446(d).

**IX. CONCLUSION**

37. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated: June 7, 2023               JACKSON LEWIS P.C.


By:   */s/ Mia Farber*
      Mia Farber
      Scott P. Jang
      Isabella L. Shin

SEYFARTH SHAW LLP

By:   */s/ Pamela Devata*
      Pamela Q. Devata
      John Drury

      Attorneys for Defendant
      WESTROCK SERVICES, LLC.

12.

DEFENDANT'S NOTICE OF REMOVAL